UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DELOYS M. GARRETT, | : | Case No. 1:06-cv-809 |
| Plaintiff, | : | Barrett, J. |
| | : | Black, M.J. |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT THE UNOPPOSED MOTION FOR FEES FILED BY PLAINTIFF'S COUNSEL (Doc. 13) BE GRANTED**

This is a Social Security disability benefits appeal in which plaintiff is the prevailing party. The Court, acting pursuant to 42 U.S.C. § 405(g), sentence four, reversed the non-disability finding of the Administrative Law Judge ("ALJ") below, and ordered a remand to the ALJ for further proceedings. *See generally Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).

Seeking to be compensated for his work in obtaining the reversal and remand, plaintiff's counsel has filed a motion for $2,720.00 in fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The motion is unopposed, and thus not challenged by the Commissioner.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

The EAJA provides that:

> [A] court shall award to a prevailing party. . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction over that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Recognizing that plaintiff is a "prevailing party" as defined; that this civil action was brought against the United States; to review agency action by the Social Security Administration; and in a court with proper subject matter jurisdiction, *see* 42 U.S.C. § 405(g), EAJA fees appear awardable, provided that the Commissioner's position during this litigation was not "substantially justified," and that no "special circumstances" exist to bar a fees award.

The Sixth Circuit has explained the "substantial justification" standard as follows:

> The Supreme Court . . . has adopted a reasonableness standard for determining if substantial justification exists. For the government's position to be substantially justified under the EAJA, its position must be justified in substance or in the main. Thus, the proper standard in EAJA cases is whether the government's position was justified, both in fact and law, to a degree that could satisfy a reasonable person.

*Tate v. Secretary of Health & Human Servs.*, No. 94-3992, 1995 WL 646495, at *2 (6th Cir. Nov. 2, 1995) (*per curiam*) (internal quotations and citations deleted).

This standard is satisfied in this case, where the ALJ erred in evaluating medical opinion testimony in violation of the "treating physician rule" and the ALJ erred by

2

making various vocational errors as outlined in the opinion. (*See* Doc. 10 at pp. 4-10.) The Commissioner's litigation position was thus not substantially justified. Accordingly, EAJA fees should be awarded to plaintiff's counsel for his work conducted before this Court (*i.e.*, his work in securing the reversal and remand).

After careful review of the record, and in the absence of opposition by the Commissioner, the undersigned finds no evidence of special circumstances to bar a fee award here, and that the hourly rate of $160.00 and the 17 hours expended that are claimed by counsel are reasonable.

**IT IS THEREFORE RECOMMENDED** that the motion for an award of fees filed by plaintiff's counsel (Doc. 13) be **GRANTED,** and that plaintiff's counsel be **AWARDED** his request for $2,720.00 in fees.

Date: 6/10/08

Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DELOYS M. GARRETT, | : | Case No. 1:06-cv-809 |
| | : | |
| Plaintiff, | : | Barrett, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **FIFTEEN DAYS** after the date of entry of this Report and Recommendation. This period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).